# Shehane v. Bailey.

*Action to recover Damages for Trespass.*

1. *Unconstitutionality of statute; not void when objectionable portions can be stricken out, and that which remains enforced as an entire law.*—Sections 1, 3 and 6 of the "Act to prevent horses * * cows, hogs * * from running uncontrolled on crops in the county of Montgomery," (Acts 1886-87, p. 913), within themselves afford a complete remedy to a person whose crops have been injured by the trespass of stock owned by another and running uncontrolled, as provided in the statute; and since these sections are, of themselves, constitutional, and can stand as an entire law, the fact that other sections of the act may be amenable to constitutional objection, does not render the whole act invalid and these sections incapable of enforcement.

2. *Same; when declared unconstitutional.*—A statute will not be declared unconstitutional on the application of a person whose rights it does not specially affect; and where the question of unconstitutionality is not one of public interest, this court will not decide the question of the constitutionality of the provision of the statute, which does not, in any way, affect the rights of the party urging the objection.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This action was commenced by the appellee against the appellant, in a justice of the peace court, and was taken by appeal to the circuit court.

The cause of action, as stated in the complaint, was as follows: "1. Plaintiff avers that he is the owner of an outstanding crop of cotton, situated about two miles south-west of the city of Montgomery in said county and State; that the defendant is the owner and has the cus-

tody and control of the following described cows, towit, 18 head of milch cows, and the said defendant on or about the 22d of September, 1894, did permit said cows to go uncontrolled upon said crop of plaintiff, and said cows did then and there injure, tramp down and destroy said crop of plaintiff to the plaintiff's damage of $25, for which he brings this suit.

"2.   The plaintiff claims of defendant the further sum of $15, as fees for taking up and impounding said cattle, on, towit, the 7th day of November, 1894, and plaintiff avers that he has a lien created by law on said 18 cows to secure the payment of the damages aforesaid."

The defendant demurred to the 2d count of the complaint, upon the ground that it shows on its face that plaintiff is not entitled under any existing law of this State to fees for taking up and impounding cattle, and that he is not entitled to any lien upon said cattle for any purpose or claim whatever.

The defendant filed the following plea to the first count of the plaintiff's complaint:  "That on or about the day and date named in plaintiff's complaint, the plaintiff was in possession of a piece of land in the county of Montgomery.   That there was not around said piece of land or enclosing it, at the time of the alleged entry by defendant's cattle, any lawful fence as defined by section 1364 of the Code of Alabama, or any laws amendatory thereof; and that, therefore, plaintiff is not entitled to recover in this cause even though all the facts set up in said first count are true."   To this plea the plaintiff demurred upon the following ground:  "That it appears from the face of said plea that the lands of plaintiff trespassed on by defendant's catttle are in the county of Montgomery, Ala., and under the laws of the State of Alabama in force at the time of said trespass plaintiff was not bound to keep his land fenced as required in section 1364 of the Code of Alabama, and that, therefore, said plea is no response in law to plaintiff's demand."

The cause was submitted upon the demurrers to the plaintiff's complaint, and upon the demurrers to the defendant's plea, upon an agreement that in the event the defendant's demurrers to plaintiff's complaint should be overruled, and plaintiff's demurrer to defendant's plea should be sustained, the damages should be assessed by

the presiding judge at a specified amount, and judgment rendered accordingly.

The defendant's demurrer to the plaintiff's complaint was overruled; and the plaintiff's demurrer to the defendant's plea was sustained, and judgment was thereupon rendered in accordance with the agreement of the parties.

From this judgment the present appeal is prosecuted by the defendant, who assigns as error the rulings of the trial court upon the pleadings, and the rendition of judgment in favor of the plaintiff.

GORDON MACDONALD, for appellant.

A. A. WILEY, contra.

COLEMAN, J.—The appellee, Bailey, sued to recover damages, for trespass committed upon his crops by the cattle of the appellant, and recovered a judgment. The suit was instituted under the provisions of the act entitled "An act to prevent horses  *  *  cows, hogs  * * from running uncontrolled on crops in the county of Montgomery," &c.—Acts 1886-87, p. 913. The constitutionality of the act is attacked by the defendant, and upon the invalidity of the act he relies solely for his defense. Several sections of the act are referred to as being unconstitutional. Without undertaking to discuss the validity of these several sections, it is sufficient to declare, that sections one, three and six afford a complete remedy to the person whose crop has been injured by the trespass of stock of another uncontrolled, as provided for in the statute. These sections could stand as an entire law, even though all others were stricken out. We must not be understood as passing upon the validity of the other sections of the statute. It will be time enough when a case arises which requires an adjudication of those questions.

It is further contended that the provision in section three which declares that "the judgment shall be a lien superior to all other liens except for taxes," renders that section unconstitutional. This question does not arise in the case before us and may never arise. As was said in *Jones v. Black*, 48 Ala. 540, by PECK, C. J., "Nor will a court listen to an objection made to the constitu-

tionality of an act of the legislature by a party whose rights it does not specially affect.   An act of the legislature will be assumed to be valid, until some one complains whose rights it invades ; and it is only when some person attempts to resist its operation, and calls in the aid of the judicial power to pronounce it void, as to him, his property or his rights, that the objection of unconstitutionality can be presented and sustained."   The question of a private lien is not one of public interest.— *Smith v. Speed*, 50 Ala. 276 ; *Joiner v. Winston*, 68 Ala. 129 ; *State ex rel. &c. v. Montgomery Light Co.*, 102 Ala. 594.   No one was present to assert a lien upon the property, and for aught that appears, no one held the lien upon the cows.   The defendant is not in a position to raise the question.   There is no error in the judgment of the court.
   Affirmed.