## PUGH v. PUGH.

Sess. Laws .1907, c. 132, § 1, requiring plaintiff in divorce to have been an actual resident of the state for one year, and of the county wherein the action is commenced for three months next preceding the commencement of the action, is within the powers reserved to the state, and not in conflict with any provision of the Constitution of the United States or of the state.

Sess. Laws 1907, c. 132, § 1, requires plaintiff in divorce to have been an actual resident of the state for one year, and of the county wherein the action is commenced for three months next preceding the beginning of the action, except, section 2, that if the parties were married in the state, the plaintiff shall have resided therein from the marriage until the commencement of the action, then it may be begun at any time after the cause of action has arisen, and except, section 4, that, if the cause of action arise in the state, then the action may be begun at any time after plaintiff shall have resided in the state for·six months. **Held,** that the constitutionality of the exceptions contained in sections 2 and 4 cannot be questioned by a person whose marriage was solemnized without the state and whose cause of action accrued without the state, as he is not within either of the exceptions, but belongs to the class of persons who must reside in the state one year and the county three months, and his rights are 'not affected thereby.

Where the ·unconstitutional portion of an act can be separated from the valid provisions and an act complete in itself remain it will be done, and the constitutional provisions sustained.

(Opinion filed, Feb. 9, 1910.)

Appeal from Circuit Court, Lincoln County. Hon. JOSEPH W JONES, Judge.

Action by James Arthur Pugh against Mary Manton Pugh. From an order sustaining a demurrer to the complaint and the final judgment entered thereon, plaintiff appeals. Affirmed.

*Joseph Mitchell Donovan,* for appellant.   *Herbert Abbott,* for respondent.

CORSON, J.   This case comes before us on an appeal by the plaintiff from an order of the circuit court sustaining the defendant's demurrer to the complaint of the plaintiff, and from the final judgment entered by the court on said order dismissing the complaint.

The action was commenced on January 2, 1909, and the complaint to which the demurrer was interposed and sustained is as follows:

"First.   That the plaintiff now is, and for a period of more than six months next and immediately preceding the commencement of this action has been, an actual and bona fide resident in good faith of the state of South Dakota, having at all times since the 15th day of June, 1908, maintained his sole domicile within the state of South Dakota, with the intention of making the said state of South Dakota his sole residence and domicile indefinitely. That the plaintiff is a citizen of the United States, over the age of 21 years, and now, and at all times since the 15th day of December, 1908 (at which last-named date he had been a bona fide resident of the state of South Dakota for six months), has been a bona fide citizen and qualified elector of the state of South Dakota, and at the time of the commencement of this action is such bona fide citizen and qualified elector of this state, and as such is entitled to the privileges of all of its law equally with every other citizen and elector as provided by · section 18 of article 6 of the Constitution of the state of South Dakota, which is in words and figures as follows: 'No law shall be passed granting to any citizen, class of citizens or corporation, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations.'

"Second.   Plaintiff further alleges and shows to the court that the plaintiff and the defendant herein legally intermarried, the one with the other, in the state of Pennsylvania, on or about the 28th day of April, 1889, and have since remained and now are husband and. wife, and that no children were born as issue of this marriage.

"Third. And for a cause of action herein the plaintiff further alleges that on or about the 22d day of July, 1906, at Baltimore, in the state of Maryland, the defendant herein, without any sufficient cause or reason on the part of the plaintiff, did willfully, voluntarily, and unlawfully desert and abandon this plaintiff, and at all times since has continued, and still so continues, to willfully, voluntarily, and unlawfully desert and abandon this plaintiff, and to live separate and apart from him, without sufficient cause, or any reason, and against his will and without his consent.

"Fourth. And for a cause of action herein the plaintiff further alleges and reiterates all of the foregoing paragraphs of this complaint, the same as if they, the first, second, and third paragraphs of this complaint, were set out in full in this paragraph, and further alleges: That under the law or statute of the state of South Dakota, known as Senate Bill 95, passed by the Legislature of the state of South Dakota of 1907, duly referended as provided by the Constitution of the state of South Dakota, favorably voted upon, and now at any times since about the 5th day of December, 1908, in force and effect within this state as a statute or law of this state, being chapter 132 of the Session Laws South Dakota 1907, a true and certified copy of which law or statute of this state is hereto attached, marked 'Exhibit A' for identification and made a part of this complaint, is unconstitutional and void under section 1 of the fourteenth amendment to the Constitution of the United States, which is in words and figures as follows: 'All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.' And that said law or statute is void and unconstitutional under section 18 of article 6 of the Constitution of the state of South Dakota, which is in words and figures as follows: 'No law shall be passed granting to any citizen, class of

citizens or corporation, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations.' That said statute or law, hereto attached, marked 'Exhibit A,' and made a part of this complaint, is unconstitutional and void as discriminatory or class legislation, in that it allows or permits one class of citizens or persons within the borders of this state to maintain an action for divorce without any stated term of residence or domicile within the state, viz., those persons who were married within this state, and allows another class of citizens, or persons within the borders of this state, to maintain an action for divorce on a residence or domicile of six months, viz., those persons whose cause of action arose in this state, while the class of citizens or persons within the borders of this state to which your complainant belongs are compelled by said law or statute to reside and have their domicile within this state for one year before having the privilege or right to maintain an action for divorce. That said law or statute, hereto attached marked for identifica-tion as 'Exhibit A,' and made a part of this complaint, is un-constitutional and void under the Constitution of the state of South Dakota conferring upon all male persons over the age of 21 years, and who are citizens of the United States, full citizenship and the benefit of all of its laws equally with every other citizen, class of citizens, or corporations. And that said law or statute hereto attached, marked 'Exhibit A,' for identification, and made a part hereof, is unconstitutional and void under the Constitution of the United States and the amendments thereto, and under the Constitution of the State of South Dakota and the amendments thereto.

"Wherefore, the plaintiff demands judgment herein, and prays: That the bonds of matrimony heretofore and until now existing between this plaintiff and this defendant be, by judgment and decree of this court, absolutely dissolved, and that the parties plaintiff and defendant be absolutely released from said marriage and restored to the status of single persons."

To the complaint was annexed a copy of "An act relating to action for divorce, and the proceedings therein. Approved March 8, 1907," and constituting chapter 132, Sess. Laws 1907, which reads as follows:

"Section 1. The plaintiff in an action for divorce must have been an actual resident, in good faith, of this state for one year, and of the county wherein such action is commenced for three months next preceding the commencement of said atcion, except as herein otherwise provided.

"Sec. 2. If the parties were married in this state and the plaintiff shall have resided therein from the time of marriage until the commencement of the action, said action may be commenced at any time after the cause of action has arisen.

"Sec. 3. All hearings and trials upon the merits in actions for divorce, except default cases and except such hearings as relate to alimony during the pendency of the action, or the granting of an interlocutory order or decree, shall be had at a regular term of court.

"Sec. 4. If the cause of action arose in this state then said action may be commenced at any time after the plaintiff shall have resided in the state for a period of six months.

"Sec. 5. All acts and parts of acts in conflict herewith are hereby repealed."

The demurrer interposed was upon the following grounds: (1) That the court has no jurisdiction of the person of the defendant or the subject of the action. (2) That the complaint does not state facts sufficient to constitute a cause of action.

It is contended by the appellant: (1) That chapter 132 of the Session Laws of 1907 is unconstitutional and void, being in direct conflict with and prohibited by the fourteenth amendment of the Constitution of the United States, and section 18 of article 6 of the Constitution of the state of South Dakota. (2) That said statute or act is unconstitutional and void under all of the provisions of the Constitution of the United States and of the state of South Dakota respecting the right of all citizens of the United States and of the state wherein they reside being qualified equally with all others of the same class to the equal benefits and protection of the laws, courts, and procedure without hindrance or delay. (3) That said act or statute is unconstitutional and void as being discriminatory and class legislation even under the police powers of the state. (4) That said act or statute is

unconstitutional and void as a violation of interstate comity, in that it assumes to give the courts of this state jurisdiction to determine  the status of parties whom may both be citizens of another state or country, and neither of whom are required to become qualified citizens of this state before maintaining such action.   (5) That said act or statute is void as a whole.   (6) That said statute or act is void under the fundamental principles of law.

It is contended by the respondent that among the powers retained by the state upon the adoption of the Constitution of the United States was the right to regulate and control the domestice relations, marriage and divorce; that the right retained by the states may be exercised for the purpose of protecting the public health, morals, and general welfare of the state, and may be exercised at will, so long as the same is not used to oppress or discriminate unjustly against certain members of a class similarly circumstanced and in like condition; that the state may regulate and control, through its three departments of government, its citizens, and may enact laws for their benefit and protection so long as such laws are not expressly or impliedly prohibited by the state or federal Constitution; that the state may make such classification as it sees fit, so long as the classification affects all those persons within the class or those who may come within alike, and does not discriminate against any similarly situated and circumstanced; that the fourteenth amendment was enacted for the protection of the African race, and to declare who are citizens of the United States, and that the said state has the power to enact and say what shall be due process of law in each instance within that state.

It is further contended by the respondent that the appellant is not affected by the law; therefore, he is not entitled to the privilege of raising the question with regard to its constitutionality, the appellant not being within the class or classes entitled to institute an action for a divorce in the excepted cases.   It will be observed that it is alleged in the complaint that the plaintiff and defendant were married in the state of Pennsylvania, and that the cause of action arose in the city of Baltimore, in the state

of Maryland, and that the plaintiff had only resided in this state for a period of a little over six months when his action for divorce was commenced. Therefore, under the terms of the law, he was only authorized to commence the action after he had been a bona fide resident of this state for a period of one year. The allegations of the complaint affirmatively show that the plaintiff does not come within either of the exceptions, and that, therefore, he belongs to the class of persons who are only entitled to bring the action after a residence of one year in the state and three months in the county next preceding the commencement of the action. There is therefore much force in the contention of the defendant that the plaintiff is not affected by the exceptions contained in the act, and consequently it is immaterial to him whether the exceptions contained in sections 2 and 4 are or are not constitutional. State v. Becker, 3 S. D. 29, 51 N. W. 1018; Shehane v. Bailey, 110 Ala. 308, 20 South. 359; City of Kan. v. U. P. Ry. Co., 59 Kan. 427, 53 Pac. 468, 52 L. R. A. 321; Commonwealth v. Wrightson, 56 N. J. Law, 126, 28 Atl. 56, 22 L. R .A. 548.

In the case of State v. Becker, supra, this court held: "It is a well-established and wholesome rule of law that no one can take advantage of the unconstitutionality of an independent provision of a law who has no interest in and is not affected by such provision." In Shehane v. Bailey, supra, the learned Supreme Court of Alabama held as appears from the headnote: "A statute will not be declared unconstitutional on the application of a person whose rights it does not specially affect; and, where the question of unconstitutionality is not one of public interest, this court will not decide the question of the constitutionality of the provision of the statute, which does not, in any way, affect the rights of the party urging the objection." The first section of the act fixing the time within which actions may be commenced for a divorce is clearly within the powers reserved to the state, and is not in conflict with any constitutional provision of this state or the United States, and is therefore clearly constitutional. The right of the state to thus limit the time for the commencemen of an action for divorce cannot be questioned, and assuming

for the purposes of this decision only that the exceptions provided in sections 2 and 4 are unconstitutional, as before stated, the rights of the plaintiff are in no manner affected by these exceptions. It is quite clear, therefore, that the plaintiff is not in a position to raise the question as to the constitutionality of these exceptions, and the circuit court was clearly right in sustaining the demurrer.

In the view we take of the case, therefore, we do not deem it necessary to enter upon a discussion of the question as to the constitutionality of these exceptions on this appeal.

Sections 1 and 3 of the act are clearly within the powers reserved to the state, and are therefore constitutional. Cooley in his work on Constitutional Limitations (7th Ed.) p. 578, in discussing this subject, says: "We conceive the true rule to be that the actual, bona fide residence of either husband or wife within a state will give to that state authority to determine the status of such party, and to pass upon any questions affecting his or her continuance in the marriage relation, irrespective of the locality of the marriage, or of any alleged offense; and that any such court in that state as the Legislature may have authorized to take cognizance of the subject may lawfully pass upon such questions, and annul the marriage for any cause allowed by the local law." The act of 1907 with sections 2 and 4 eliminated constitutes a perfect act of itself. Where a part of a law is unconstitutional, when it can be properly separated from the constitutional portion, and which contains valid provisions that may be enforced, such parts of the law will be held constitutional and the unconstitutional portion eliminated from the act. State v. Becker, supra; Morrow v. Wipf, 115 N. W. 1121; Shehane v. Bailey, supra. In State v. Becker, supra, this court in discussing this question says: "It is possible, and perhaps probable, that some of the minor and subsidiary measures of this law could not be sustained, but they are, all of them, we think, independent and severable, so that they might be stricken out in accordance with the suggestions already made without fatal consequences to the law; and, even if it were now certain that in a case presenting such question this court would hold certain of these provisions unconstitutional, defendant in error is not in position to take advantage of such fact, for

the reason, in connection with those already stated, that the charge against him is not predicated upon either of the challenged provisions. He is charged with the offense of keeping and maintaining a common nuisance. As affecting this prosecution, he is interested in no other provision of the law, unless such provision is so inextricably intermingled in substance with the balance of the law that it cannot be withdrawn without defeating the law itself, and this, we think, is not the case with any provision to which our attention has been called. It is well-established and wholesome rule that no one can take advantage of the unconstitutionality of any provision who has no interest in and is not affected by it. State v. Snow, 3 R. I. 64; Stickrod v. Commonwealth, 86 Ky. 285, 5 S. W. 580; Sinclair v. Jackson, 8 Cow. 543."

In the recent case decided by this court of Morrow v. Wipf, supra, this court held: "That a part of a statute is unconstitutional does not authorize the court to adjudge the remainder void, unless the provisions are so interdependent that one cannot operate without the other, or so related as to preclude the supposition that the Legislature would have passed one without the other, and where the remainder is complete in itself, capable of execution in accordance with the apparent legislative intent, the remainder will be sustained." In the case of Shehane v. Bailey the Supreme Court of Alabama in discussing this question says: "Several sections of the act are referred to as being unconstitutional. Without undertaking to discuss the validity of these several sections, it is sufficient to declare that sections 1, 3, and 6 afford a complete remedy to the person whose crop has been injured by the trespass of stock of another uncontrolled, as provided for in the statute. These sections could stand as an entire law, even though all others were stricken out. We must not be understood as passing upon the validity of the other sections of the statute. It will be time enough when a case arises which requires an adjudication of those questions." ·

In the view we take of the case, therefore, we do not deem it necessary to consider, discuss, or decide as to the constitutionality or unconstitutionality of the provisions contained 'in sections 2 and 4 of the act, as it clearly appears from the com-

plaint that the plaintiff's marriage was solemnized without the state, and his cause of action accrued without the state; hence, as before stated, these sections in no manner affect the rights of the plaintiff.

The order sustaining the demurrer and the judgment entered in the action are affirmed.