Donald Rexford SMITH, Individually, and on behalf of all others similarly situated, Plaintiffs,

James E. Parker et al., Intervening Plaintiffs,

v.

Fred L. DAVIS, President, et al., Defendants.

Civ. A. No. 72–145–CH.

United States District Court, S. D. West Virginia, Charleston Division.

Nov. 6, 1972.

Brown H. Payne, Beckley, W. Va., for Smith.

Paul J. Kaufman and Edwin R. McClelland, Charleston, W. Va., for intervening plaintiffs.

Richard E. Hardison, Asst. Atty. Gen., of W. Va., with Chauncey H. Browning, Jr., Atty. Gen., Charleston, W. Va., for defendants.

Before FIELD, Circuit Judge, and KNAPP and HALL, District Judges.

## MEMORANDUM ORDER

PER CURIAM.

Plaintiff, Donald Rexford Smith, a native of West Virginia and a recent graduate of a North Carolina law school, commenced this action against the State Board of Law Examiners of West Virginia for declaratory and injunctive relief following the Board's refusal to certify him as an applicant entitled to be licensed to practice law in the courts of West Virginia. He asks that a West Virginia statute, Code, § 30–2–1 (Michie Supp.1972), be declared unconstitutional

wherein it requires an applicant for a license to practice law to have been a resident of the county "for one year next preceding the date of his appearance" before the county's circuit court for an order making findings as to his statutory bar admission qualifications, a prerequisite to the Board's certification that he is a qualified applicant entitled to be licensed to practice law. He further asks that the Board be enjoined from enforcing the one-year residency provision of the statute.

Defendants constitute the State Board of Law Examiners, an agency created by the Supreme Court of Appeals of West Virginia for conducting bar examinations of applicants found qualified therefor.

With his complaint plaintiff includes as an exhibit a copy of the order of the Circuit Court of Kanawha County, West Virginia, entered April 18, 1972, showing plaintiff to have become a resident of Kanawha County on January 15, 1972. Another exhibit with the complaint is a copy of a letter from the Secretary of the State Board of Law Examiners, dated February 22, 1972, wherein the Board's action allowing plaintiff to take the bar examination commencing on April 19, 1972, was indicated, but upon the condition that the results of the examination as to him would be withheld until the one-year's residency requirement was satisfied. Plaintiff took the bar examination and the results thereof have been withheld from him. A third exhibit with the complaint is a copy of the order of the Supreme Court of Appeals of West Virginia, entered May 22, 1972, denying plaintiff's petition for a peremptory writ of mandamus to be directed against the State Board of Law Examiners. His complaint was filed in this Court on June 1, 1972.

Defendants' answer denies that the complaint stated a cause of action and asserts that the challenged West Virginia statute is constitutional.

Jurisdiction is based on 28 U.S.C., § 1331; 28 U.S.C., § 1343(3) and (4); 28 U.S.C., §§ 2201–2202; 42 U.S.C., § 1983; and the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. No question has been raised as to the Court's jurisdiction. Lipman v. Van Zant, 329 F.Supp. 391 (N.D.Miss. 1971).

■ Plaintiff commenced the action as an individual and on behalf of all others similarly situated. The complaint states bases for the class action. Rule 23, Federal Rules of Civil Procedure.

The District Court of Three Judges was convened pursuant to 28 U.S.C., §§ 2281 and 2284, since the constitutionality of a state statute is challenged.

The Court determined at a hearing on July 27, 1972, that preliminary evidentiary development of the record incident to plaintiff's residence was warranted and directed that Judge K. K. Hall, a member of the Court, proceed to conduct hearings, make findings, and report to the Court thereon consistent with provisions of 28 U.S.C., § 2284(5).

On September 6, 1972, James E. Parker, Robert B. Keiter and Ernest M. Cohen filed a motion to intervene in the action as plaintiffs. Their intervening complaint stated their qualifications to take the West Virginia bar examination to be conducted by the State Board of Law Examiners, commencing September 20, 1972, with the exception that they had not been residents of the state for the period of one year as required by the West Virginia statute, Code, § 30–2–1. The Board had denied them the right to take the examination. By order of September 7, 1972, they were permitted to intervene as parties plaintiff. Rule 24, Federal Rules of Civil Procedure. They then moved for a preliminary injunction to require the Board to permit them to take the bar examination on September 20–22, 1972, with the results thereof to be disclosed to them as to others similarly situated. Counsel for plaintiffs and defendants filed stipulations of facts on September 13, 1972, and on that date the Court granted the

preliminary injunction requiring defendants to allow the intervening plaintiffs to take the bar examination. Defendants administered the examination to the intervening plaintiffs along with other applicants, with the examination results as to the intervening plaintiffs being withheld.

The action came on for hearing and determination before the Court on October 27, 1972. Notice of the hearing was given to the Governor and Attorney General of West Virginia as required by 28 U.S.C., § 2284(2). At the conclusion of the hearing the action was submitted to the Court for decision upon the record, including the pleadings, exhibits, evidence, and stipulations, together with arguments on the facts and law as presented by counsel.

The single, basic, determinative issue for the Court's decision involves the constitutional validity of the requirement of the West Virginia statute, Code, § 30–2–1,* that an applicant for a license to practice law in the state of West Virgin-

ia shall have been a resident of the county wherein he claims residence "for one year next preceding the date of his appearance" before the circuit court of the county for an order establishing his statutory bar admission qualifications, including his one year's residency. The order of the circuit court is a prerequisite to his certification by the State Board of Law Examiners that he is entitled to a license to practice law in the courts of West Virginia.

The one year's residency requirement of attorney applicants is not new in West Virginia law. See Chapter 119, Section 1, West Virginia Code of 1868. In re Application for License to Practice Law, 67 W.Va. 213, 67 S.E. 597 (1910).

The Supreme Court of Appeals of West Virginia held in point two of the syllabus in West Virginia State Bar v. Earley, 144 W.Va. 504, 109 S.E.2d 420 (1959):

Though the right to practice law is not a natural or constitutional right or an absolute or de jure right, it is a

---

* The West Virginia statute, Code, § 30–2–1 (Michie Supp.1972), only one clause of which is challenged in this action, provides as follows:

§ 30–2–1. Certificate of good moral character; examination of applicants for license; licenses; diploma privilege of graduates of West Virginia college of law.

Any person desiring to obtain a license to practice law in the courts of this State shall appear before the circuit court of the county in which he has resided for the last preceding year and prove to the satisfaction of such court, or to the satisfaction of a committee of three attorneys practicing before such court, appointed by the court, that he is a person of good moral character, that he is eighteen years of age, and that he has resided in such county for one year next preceding the date of his appearance; and upon the presentation of such proof, the court shall enter an order on its record accordingly. The supreme court of appeals shall prescribe and publish rules and regulations for the examination of all applicants for admission to practice law, which shall include the period of study and degree of preparation

required of applicants previous to being admitted, as well as the method of examinations, whether by the court or otherwise. And, the supreme court of appeals may, upon the production of a duly certified copy of the order of the circuit court, hereinbefore mentioned, and upon being satisfied that the applicant has shown, upon an examination conducted in accordance with such rules and regulations, that he is qualified to practice law in the courts of this State, and upon being further satisfied that such rules and regulations have been complied with in all respects, grant such applicant a license to practice law in the courts of this State, and such license shall show upon its face that all the provisions of this section and of the said rules have been complied with: Provided, that any person who shall produce a duly certified copy of such order of the circuit court, and also a diploma of graduation from the college of law of West Virginia University, shall, upon presentation thereof in any of the courts of this State, be entitled to practice in any and all courts of this State, and the order so admitting him shall state the facts pertaining to the same.

valuable special privilege in the nature of a franchise which may be protected by injunction against invasion.

In point seven of the syllabus in the same case, the Court held:

The judicial department of the government has the inherent power to define, supervise, regulate and control the practice of law and the Legislature can not restrict or impair this power of the courts or permit or authorize laymen to engage in the practice of law.

The constitutional validity of the legislation here challenged is to be determined upon bases of provisions of the Constitution of the United States and our decision will in no manner or means encroach upon the inherent powers of the judiciary of West Virginia to control the practice of law in the state.

In Schware v. Board of Bar Examiners of New Mexico, 353 U.S. 232, 238, 77 S. Ct. 752, 756, 1 L.Ed.2d 796 (1957), the Supreme Court of the United States notes limitations on the state's power to exclude persons from the practice of law. There the Court observed:

A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment. Dent v. State of West Virginia, 129 U.S. 114, 9 S.Ct. 231, 32 L.Ed. 623. Cf. Slochower v. Board of Higher Education, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692; Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216. . . . A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or capacity to practice law. . . .

Recently in Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), the Court held invalid a state's one-year residency requirement for welfare benefits, and in Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972), found a state's one-year residency requirement for voting to be unconstitutional.

The issue of the constitutionality of a residency requirement for admission to the practice of law, as now before this Court, has been before other courts in recent time.

In Keenan v. Board of Law Examiners of North Carolina, 317 F.Supp. 1350 (E.D.N.C.1970), the District Court of Three Judges held unconstitutional North Carolina's rule requiring twelve months' residence prior to the applicant's taking the examination for law practice admission.

Georgia's twelve months' residency requirement was held unconstitutional in Webster v. Wofford, 321 F.Supp. 1259 (N.D.Ga.1970).

Mississippi's one-year residency requirement was found to be unconstitutional in Lipman v. Van Zant, 329 F. Supp. 391 (N.D.Miss.1971).

In Potts v. Honorable Justices of the Supreme Court of Hawaii, 332 F.Supp. 1392 (D.Hawaii 1971), the Court held unconstitutional a statute and a rule requiring six months' residency and voter qualification as a prerequisite to admission to the practice of law.

Suffling v. Bondurant, 339 F.Supp. 257 (D.N.M.1972), sustained a six months' residency requirement in New Mexico by a two-one vote of the District Court of Three Judges. An appeal of this decision to the United States Supreme Court has been noted as of August 28, 1972.

■ Valid reasons exist for a state's inquiry and findings concerning bar applicants' qualifications. A reasonable period of time for investigation and examination of the applicants may be prudently required. But the Court at this time has only the limited issue before it for consideration and decision—whether the West Virginia statute requiring the

one-year residency for bar admission applicants is constitutionally valid.

■ Plaintiff Smith has been found by the Circut Court of Kanawha County, West Virginia, to have satisfied the age and good moral character requirements. He has taken the bar examination but the results have been withheld from him. He is found to be a resident of the state and county but not for the required one year next preceding his application. Intervening plaintiffs Parker, Keiter and Cohen have established residence in Kanawha County, West Virginia, and have become gainfully employed. They have taken the bar examination but the results thereof as to them have been withheld because of their failure to satisfy the durational residency requirement of the statute. No questions as to their age or good moral character requirements are here involved. Plaintiffs have presented a case involving denial of due process of law and equal protection of law. If in fact they have successfully passed the West Virginia bar examination, they are being denied the right and privilege to pursue the practice of law for which they have been schooled and qualified. They are victims of injurious discrimination in the application of the statute requirement to the limited class of applicants to practice law to which they belong. If plaintiffs have qualified as to age and good moral character and have passed the bar examination, no compelling governmental or legitimate state interest would seem to be served by continued refusal to admit them to practice law. As the Supreme Court observed in Schware v. Board of Bar Examiners of New Mexico, *supra,* as previously quoted herein,

> . . . A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or capacity to practice law. . . .

Denial of plaintiffs' admission to practice law, for no reason other than to satisfy perfunctorily the statute's residency requirement, appears to have no rational connection with their fitness or capacity to practice law. Substantial professional rights, privileges and earnings are here involved and cannot be ignored, minimized or depleted by application of a state statute which contravenes the due process and equal protection clauses of the Fourteenth Amendment.

Upon the entire record in this action and a review of applicable law pertinent thereto, the Court finds and concludes:

1. The Court has jurisdiction of the action. Law students Civil Rights Research Council, Inc. v. Wadmond, 401 U. S. 154, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971); Lipman v. Van Zant, *supra.*

2. Plaintiffs' action is brought as a class action and the Court determines, pursuant to Rule 23(c), Federal Rules of Civil Procedure, that it may be so maintained.

3. Plaintiffs have satisfied the age and good character requirements of the West Virginia statute, Code, § 30–2–1 (Michie Supp.1972), relating to admission to the practice of law, but, while residents of the state, they have not fully satisfied the one year's durational residency requirement.

4. The State Board of Law Examiners, an agency of the Supreme Court of Appeals of the State, has declined to certify plaintiffs as persons entitled to be licensed to practice law in the courts of the state because the plaintiffs have not satisfied the statute's required one-year residency.

5. The State Board of Law Examiners cannot exclude a person from the practice of law in a manner or for reasons that contravene the due process or equal protection clauses of the Fourteenth Amendment to the United States Constitution.

6. Application and enforcement of the West Virginia statute, Code, § 30–

2-1, insofar as it requires plaintiffs to have had one year's residence in a county of the state before they can be certified as being entitled to a license to practice law in the courts of the state are constitutionally impermissible.

7. The provision of the West Virginia statute, Code, § 30-2-1, and any like provision of rules or regulations promulgated thereunder requiring the one year's residency in a county of the state as a prerequisite to admission to the practice of law are unconstitutional and void.

8. The decision of this Court on the constitutional invalidity of the one-year's residency provision of the West Virginia statute and any rules or regulations made pursuant thereto is not an encroachment on the lawful powers of the judiciary of West Virginia to control the practice of law within the state.

9. The West Virginia statute, Code, § 30-2-1, is found and declared to be severable and the invalidity of the one-year's residency provision does not affect or impair the constitutionality of the remainder of the statute not before the Court in this action.

Wherefore, it is

Adjudged, declared and ordered that the provision of the West Virginia statute, Code, § 30-2-1 (Michie Supp.1972), requiring a one-year's residency in a county of the state as a prerequisite for defendants' certification of plaintiffs as persons entitled to be licensed to practice law in the courts of the state is unconstitutional and void, being in contravention of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. The Court assumes that defendant law examiners, all of whom are outstanding and responsible members of the legal profession, will recognize and comply with the declaratory judgment granted upon plaintiffs' complaint and accordingly declines plaintiffs' prayer for injunctive relief. The Court has noted that plaintiffs' Exhibit No. 10 filed in this action indicates the next bar examination to be conducted by the State Board of Law Examiners will commence on the third Wednesday in April of 1973. The distance of that date will provide ample time for enactment of legislation or the promulgation of rules and regulations as may be required and appropriate for implementation of changes made necessary by the Court's decision herein.

KNAPP, J., declines to concur and reserves the right to file a dissenting opinion.

KNAPP, District Judge (dissenting).

Since defendants, by counsel, chose not seriously to resist the challenge of plaintiffs to the residency requirement of one year for admission to practice law in this state as provided by West Virginia Code 30-2-1, I do not believe a formal opinion presenting my views to be warranted. Nonetheless, in dissenting from the views of the majority, I consider a short note setting forth my basic premise in so doing to be in order; and this I do with due deference to the opinion and judgment of my colleagues and the courts that are in accord therewith.

I take this course on principle, and as a protest to the menacing thrust of the "new federalism" into every facet of our political life and the consequent erosion of the powers of local government. This has been accomplished, in my opinion, under the guise of a sort of "freedom for everything for everybody" concept supposedly reposed in the Constitution. It is this "free swinging" interpretation of the Fourteenth Amendment which virtually renders it a vehicle for remaking our political order that I cannot embrace. Subverted also is the Constitutional right to freedom of travel from state to state. I fail to see any infringement of this right by the statutory requirement in question.

To be more specific, with respect to the issue presented in this proceeding, I submit that the state does have a compelling interest in maintaining the competency, the integrity and stability of the bar, and that it outweighs any claim of infringement of "due process" and "equal protection" guaranteed to these plaintiffs or the class they represent by the Fourteenth Amendment.

I do not agree, as the majority says, that substantial professional rights, privileges and earnings are here involved. The professions involve long training, discipline and dedication. They vitally affect the very lives and freedoms of our people. To open the door to all persons who may desire a license to enter the profession of the law in this state, or any state for that matter, without the time and opportunity to thoroughly examine the character and fitness of applicants to engage in the most vital of the professions in our society is neither justified on principle, nor required to meet "due process" or "equal protection" guarantees of the Fourteenth Amendment. How can a state require high standards of competence and mature judgment in members of the profession and not subject applicants for a license to careful scrutiny? Proper scrutiny and evaluation requires time.

It is true, as plaintiffs argue, that the primary objective of licensing requirements is to assure competency and fitness to practice law. But this cannot be accomplished without adequate time for observation and evaluation of the applicant. This may best be achieved by exposure of the applicant to his fellows in the everyday pursuits of life in the neighborhood he seeks to serve.

After all, some board or agency must make a judgment on each individual applicant on the basis of objective facts. The quality of that judgment of necessity must depend upon the source, the comprehensive character and reliability of those facts. A short term residency or "residency in fact," whatever that means, is not consistent, in my opinion, with the agreed purpose of licensing requirements.

It follows that I would deny the relief sought by this action.