Elta M. McCAY et al., Plaintiffs,

v.

The STATE OF SOUTH DAKOTA et al., Defendants.

No. CIV 73–3017.

United States District Court, D. South Dakota,

Nov. 15, 1973.

Stephen L. Pevar, Legal Services, Rosebud, S. D., for plaintiff.

Neil Carsrud, Asst. Atty. Gen., Pierre, S. D., for defendants.

Before LAY, Circuit Judge, and NICHOL, Chief District Judge, and BOGUE, District Judge.

## OPINION OF THE COURT

BOGUE, District Judge.

This action was filed to contest the constitutional validity of the South Da-- kota durational residency requirement for divorce.[1] Plaintiffs are residents of South Dakota who had not complied with the durational residency requirements at the time of the commencement of this suit. The suit seeks to have the enforcement of the durational residency requirement enjoined. A three-judge district court was convened pursuant to 28 U.S.C. §§ 2281, 2284. A hearing was held upon the matter on October 12, 1973, in Sioux Falls, South Dakota.

We hold that the durational residency requirements contained in S.D.C.L. § 25–4–30 (1967) do not conform to constitutional standards and therefore must be declared invalid.

Durational residency requirements have been the subject of hot dispute in recent years. See e. g. Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L. Ed.2d 274 (1972) (voting); Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (welfare); Smith v. Davis, 350 F.Supp. 1225 (S.D. W.Va.1972) (bar examinations); Cole v. Housing Authority of Newport, 435 F.2d 807 (1st Cir. 1970) (public housing); Crapps v. Duval County Hospital Authority, 314 F.Supp. 181 (M.D.Fla.1970) (medical services). Durational residency requirements for divorce affect one of the most basic institutions of man and society. See generally, Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Skinner v.

---

[1]. South Dakota Compiled Laws, § 25–4–30 (1967).
"The plaintiff in an action for divorce must have been an actual resident in good faith of this state for one year, and of the county wherein such action is commenced for three months next preceding the commencement of said action . . . ." The Supreme Court of South Dakota has upheld the constitutionality of the statute in Pugh v. Pugh, 25 S.D. 7, 124 N.W. 959 (1910).

Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942). In addition, there can no longer be a question but that the right to travel is embodied in the Fourteenth Amendment to the United States Constitution. Edwards v. California, 314 U.S. 160, 177, 62 S.Ct. 164, 86 L.Ed. 119 (1941) (Douglas, J., concurring); Dunn v. Blumstein, *supra*; Shapiro v. Thompson, *supra*.

The right to travel includes not only interstate but intrastate travel as well. King v. New Rochelle Housing Authority, 442 F.2d 646, 647 (2nd Cir. 1971); Cole v. Housing Authority of City of Newport, 435 F.2d 807, 809 (1st Cir. 1970).

As announced by the United States Supreme Court in Dunn v. Blumstein, 405 U.S. 330, 334–335, 92 S.Ct. 995, 999, 31 L.Ed.2d 274 (1972):

> Durational residence laws *penalize* those persons who have traveled from one place to another to establish a new residence during the qualifying period. Such laws divide residents into two classes, old residents and new residents, and discriminate against the latter to the extent of totally denying them the opportunity to vote. (Emphasis added).

That same type of classification and discrimination is effected by South Dakota's divorce durational residency requirement.

In Shapiro v. Thompson, 394 U.S. 618, 634, 89 S.Ct. 1322, 1331, 22 L.Ed.2d 260 (1969), while deciding that the right to travel was, in fact, a constitutionally-protected right, the Court concluded that:

> Any classification which serves to *penalize* the exercise of that right, unless shown to be necessary to promote a compelling governmental interest, is unconstitutional. (Emphasis added).

### STANDARD OF REVIEW

■ There can no longer be a serious question but that durational residency requirements of this nature must be judged by the "compelling state interest" standard. This standard is much more exacting than the traditional "reasonable relationship" test.[2]

■ To satisfy the "compelling interest test" the state must demonstrate that: one, the durational residency serves a compelling state interest; two, that such a restriction is necessary to protect that compelling interest; and three, the restrictions have been tailored and drawn with precision so as to be no more restrictive than necessary. N.A. A.C.P. v. Button, 371 U.S. 415, 438, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); United States v. Robel, 389 U.S. 258, 265, 88 S. Ct. 419, 19 L.Ed.2d 508 (1967); Shapiro v. Thompson, 394 U.S. 618, 631, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); Dunn v. Blumstein, 405 U.S. 330, 342–343, 92 S. Ct. 995, 31 L.Ed.2d 274 (1972).

The question then turns upon whether the State of South Dakota can demonstrate that S.D.C.L. § 25–4–30 (1967) satisfies the three requirements of the compelling interest test.

### COMPELLING STATE INTEREST

The State of South Dakota has offered several interests which it regards as compelling. Perhaps the most significant is that actual residence is necessary to assure jurisdiction, and hence, the integrity of the state's judicial decrees. Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 1097, 92 L.Ed. 1429 (1948); Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); Connolly v. Connolly, 33 S.D. 346, 146 N.W. 581 (1914). We would agree that the state has a compelling interest in the prevention of fraud, both upon the courts and parties to the marital union. Larsen v. Gallogly, 361 F. Supp. 305 (D.R.I.1973); Shiffman v. Askew, 359 F.Supp. 1225 (M.D.Fla. 1973); Mon Chi Heung Au v. Lum, 360 F.Supp. 219 (D.C.Haw.1973).

---

2. See Drueding v. Devlin, 380 U.S. 125, 85 S.Ct. 807, 13 L.Ed.2d 792 (1965), upholding Maryland's durational residency requirement for voting.

The critical question regarding these interests, however, is whether the one-year residency requirement is necessary and precise enough to pass constitutional muster. Mon Chi Heung Au v. Lum, 360 F.Supp. 219, 222 (D.Haw.1973) held that the exact durational residency requirement we deal with herein was unconstitutional due to the fact that it was not necessary to promote the compelling state interest *and* was not "tailored" to provide the least burdensome means of promoting that interest.

S.D.C.L. § 25–4–30 (1967) creates a "conclusive presumption" that a person is not a resident for one year, e. g. Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965); Mon Chi Heung Au v. Lum, supra. We believe that this conclusive period is not necessary to promote those interests deemed to be compelling. There are many equally reliable criteria of domicile than length of residence.[3] Certainly trial courts are quite capable of inquiring into the various factors that might indicate domicile. Trial courts are able to determine questions much more complex than domicile.

■ The state argues that there is no more reliable indicator of domicile than a residency requirement. The state argues that it needs an "objective standard." There can be no question but that a one-year duration of presence in the jurisdiction is an extremely reliable weather vane of interest. However, constitutional rights may not rest and be subject to administrative convenience. Larsen v. Gallogly, supra. Certainly, a person intent on obtaining a divorce in South Dakota can simply lie about his length of residence.

The likelihood that the South Dakota courts will become divorce mills is contradicted by two factors. One is the fact that S.D.C.L. § 25–4–30 (1967) requires that a person who commences a divorce must be "an actual resident in good faith." In addition, S.D.C.L. § 25–4–34 (1967) provides a sixty-day waiting period before a divorce action may be heard by the court. Both certainly decrease the likelihood of fraud being perpetrated upon the state.

■ Federal Courts are extremely reluctant to meddle in areas that have traditionally been within the exclusive province of the states. States have always been considered a third party to every marriage. We agree completely with the Court in Shiffman v. Askew, 359 F.Supp. 1225, 1231 (M.D.Fla.1973) when it said:

First, it is indelibly ingrained in our federal system that the entire field of marriage and divorce is left to the individual regulation of the several states. Secondly, the states have a vital and individual interest in such regulation, not only with respect to the effective implementation of their own internal policies, but also in avoiding any intrusions upon the authority and policies of a sister state concerning the same marriage or the same parties.

This Court means no intrusion upon those areas traditionally reserved to the states. The ruling of this Court is limited exclusively to the question of whether a one-year residency requirement for the state and a three-month requirement for the county, conform with constitutional dictates. We find that they do not.[4]

---

3. Examples of factors that might be considered are myriad; length of residence, bank accounts, insurance, driver's license, presence of children, ownership of home or property, employment, car registration, voter registration, to name a few.

4. Durational residency requirements for divorce have been the subject of considerable federal litigation recently. Sosna v. Iowa,

360 F.Supp. 1182 (N.D.Ia.1973) (three judge) upholding a one-year residency requirement; Wymelenberg v. Syman, 328 F. Supp. 1353 (E.D.Wis.1971) (three judge) holding a two-year requirement unconstitutional; Larsen v. Gallogly, 361 F.Supp. 305 (D.R.I.1973) (three judge) holding a two-year requirement unconstitutional; Mon Chi Heung Au v. Lum, 360 F.Supp. 219 (D.

We find that the durational residency requirements embodied in S.D.C.L. § 25–4–30 (1967) are not "necessary" nor "tailored" sufficiently to satisfy the Due Process and Equal Protection clauses of the Fourteenth Amendment to the Constitution.

Haw.1973) (three judge) holding a one-year requirement unconstitutional; Shiffman v.

Askew, 359 F.Supp. 1225 (M.D.Fla.1973) upholding a six-month requirement.