MILLER *v.* MILLER.

1. DIVORCE—EXTREME CRUELTY—REMOTENESS OF EVENTS.
   In suit for divorce between parties who had been married about 20 years, claimed acts of extreme cruelty which occurred shortly after the marriage are ignored since they are so remote in time.

2. SAME—EXTREME CRUELTY—EVIDENCE.
   On *de novo* review of decree of divorce to plaintiff husband on ground of extreme cruelty, evidence did not justify decree after about 20 years of married life during which wife had devoted the best years of her life to the rearing of their own child and plaintiff's three children by his former wife.

3. SAME—EXTREME CRUELTY—NATURE OF MISCONDUCT.
   While extreme cruelty as a basis for divorce is not confined to mere physical violence, the misconduct must be very serious and entirely subvert the family relations by rendering the association intolerable.

4. MARRIAGE—DURATION.
   Marriage is not a mere temporary agreement to dwell together for a time for the gratification of desires or the performance of service by one for the other and is entered into with a view to its continuance through life.

Appeal from Genesee; Elliott (Philip), J.   Submitted April 7, 1944.   (Docket No. 54, Calendar No. 42,520.)   Decided May 17, 1944.

Bill by William N. Miller against Vivian Leone Miller for a divorce on ground of extreme cruelty. Decree for plaintiff.  Defendant appeals.  Reversed.

*John W. Baker* (*Guy W. Selby,* of counsel), for plaintiff.

*Frank P. Darin* (*McGregor & Traycik,* of counsel), for defendant.

BUSHNELL, J. The parties hereto were married on June 18, 1921, and lived and cohabited together until May 1, 1940. One child, a daughter, was born to the parties, and plaintiff had three children by his former marriage. When plaintiff filed his bill of complaint for divorce, the daughter of the parties was 19 years old.

Plaintiff's bill, which charges extreme and repeated acts of cruelty, was contested by his wife. The trial judge granted a decree of divorce to the husband and the wife appealed.

Much of the testimony pertains to claimed acts of cruelty which occurred shortly after the marriage in 1921, some of which plaintiff insists continued until the separation of the parties 19 years thereafter. We refrain from a discussion of the details of those matters, which are so remote in time that they should be ignored. See *McGonegal* v. *McGonegal,* 46 Mich. 66.

Plaintiff testified that during the last 10 years his wife became irritable and called him vile names. Disputes over matters more or less inconsequential led to a final separation of the parties on May 11, 1941, since which time plaintiff has provided defendant with $75 a month for maintenance and clothes in addition to paying incidental household bills. He said: "This marriage relationship, as far as I am concerned, is impossible and it has been for 10 years."

Plaintiff's three children by his first marriage were 11, 9, and 7 years old when he married the defendant. One of these, a son, now married, testified in his father's behalf as to "tirades of anger" on the part of his stepmother and arguments between the parents over incidental matters, and in addition

thereto, vile language used by the defendant towards his father. The testimony of both father and son indicates jealousy over affairs in the father's dental office, none of which are of much consequence.

The wife in her testimony admitted the occasional use of vile language but said it was under provocation and for which she expressed regret. As to her outbursts of temper she claims justification. Apart from this, the story is that of an inexperienced young woman who raised the three little children of her husband, bore him a daughter, and assisted him according to her ability in the practice of his dental profession by maintaining a home for the family.

The testimony taken in its entirety presents a situation of incompatibility, but one lacking any of the elements of extreme cruelty. It may be that the parties cannot longer live together as man and wife; at least the husband claims it is impossible although the wife seemingly believes reconciliation is possible.

In any event, considering the testimony *de novo*, we cannot find any justification for granting plaintiff a divorce on the ground of acts of extreme cruelty after more than 20 years of married life, during which the defendant has devoted the best years of her life to the rearing of plaintiff's children.

Mr. Justice CAMPBELL, speaking for the court in *Cooper* v. *Cooper*, 17 Mich. 205 (97 Am. Dec. 182), said:

"The law does not permit courts to sever the marriage bond, and to break up households, merely because parties, from unruly tempers or mutual wranglings, live unhappily together. It requires them to submit to the ordinary consequences of human infirmities, and of unwise selections, and the

misconduct which will form a good ground for a legal separation must be very serious, and such as amounts to extreme cruelty, entirely subverting the family relations by rendering the association intolerable. Our statutes do not confine such cruelty to mere physical violence, which is by no means the worst injury that can be inflicted on persons of refined sensibility, but the grievance of whatever kind, must be of the most aggravated nature to justify a divorce."

See, also, *Brewer* v. *Brewer,* 295 Mich. 370.

In *LeBlanc* v. *LeBlanc,* 228 Mich. 74, the court quoted with approval from 9 R. C. L. p. 337, as follows:

"As has well been said, the husband and wife are bound to exercise greater efforts for removing misapprehension, allaying quarrels, smoothing the road to concord, and effecting reconciliation, than are people in other relations of life. The marriage status is not merely contractual so as to entitle each of the parties to demand the strict letter of the bond. It is a status wherein the law operates upon the weakness as well as the strength of human nature, and it will not be dissolved except for grave and substantial causes."

See, also, *DeVuist* v. *DeVuist,* 228 Mich. 454, where the following was said:

"The cause of many of the separations leading to suits for divorce may be traced to marriages consummated with haste and lack of consideration as to resulting happiness.   *   *   *   It may be safely said that there are few married persons between whom discord does not at some time arise. Trifling disagreements often cause the breaking of engagements, many times to the after regret of the parties interested. Such disagreements after marriage frequently lead to separations, and are magnified as

cause for divorce under the claim that they constitute extreme cruelty. Marriage is not a mere temporary agreement to dwell together for a time for the gratification of desires or the performance of service by one for the other. It is entered into with a view to its continuance through life.''

The decree of the trial court is vacated and one may be entered here dismissing plaintiff's bill of complaint with costs of both courts to appellant.

It is so ordered.

NORTH, C. J., and STARR, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.