BRACKLOW *v.* BRACKLOW.

DIVORCE—PROPERTY SETTLEMENT—EVIDENCE.

> Decree of divorce is affirmed where property settlement was assented to in open court by defendant who was present with counsel, his claim that he acted under a misapprehension of the law in so doing being unacceptable, and evidence supported decree for plaintiff wife.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted October 4, 1944. (Docket No. 47, Calendar No. 42,786.) Decided November 30, 1944. Rehearing denied January 11, 1945.

Bill by Awyn Bracklow against Willard H. Bracklow for a divorce on grounds of nonsupport and cruelty. Decree for plaintiff. On petition of defendant to vacate and set aside the decree. Petition denied. Defendant appeals. Affirmed.

*Yerkes, Goddard & McClintock,* for plaintiff.

*Willard H. Bracklow, in pro. per.*

BUSHNELL, J.     This is the third in a series of divorce actions commenced by plaintiff Awyn Bracklow against her husband, defendant Willard H. Bracklow, the two previous actions having been dismissed by plaintiff. When the present action came on for hearing, defendant, who appears here *in pro. per.,* was represented by counsel, and plaintiff, who

testified in her own behalf, was cross-examined by defendant's counsel. Defendant was then examined by his own counsel and, after the cross-examination, counsel asked that the proceedings be suspended for a few minutes and a discussion off the record followed. Counsel then stated to the court that a settlement had been reached, saying:

"Mr. Bracklow is willing to accept this proposition. He is standing on my left, and if I do not quote what he told me correctly, he may correct me."

Then followed a statement on the record of the settlement agreement, which concluded with the following:

"A decree is to be entered in favor of the plaintiff, on the basis of this understanding.

"Mr. Bracklow wants the court to know that he is not taking the position, as he put it, of throwing up the sponge. He feels, under the circumstances, that this perhaps is the best solution to an unfortunate situation. He wants Mrs. Bracklow to know that he still feels the same about her now as he did when he married her. Is that right?"

Defendant was then asked by his counsel:

"Are those terms acceptable and agreeable to you? And is that statement sufficient?"

Defendant answered:

"The statement expresses it."

Some further colloquy followed regarding details of the settlement, and the court said:

"Let the record show that the court has consulted with counsel somewhat at length this afternoon relative to this settlement, and part of it upon the suggestion of the court. I am satisfied that the settlement is a fair one; and I will sign the decree

when presented, in accordance with the statement made by Mr. Piggins."

After the final decree was entered, defendant *in pro. per.* petitioned the court to vacate and set aside the final decree and dismiss the bill of complaint, principally on the ground that "he acted under a misapprehension of law in respect thereto in making the property settlement on the record," and that—"assuming there was some slight personal violence, which defendant contends was in the nature of reasonable recrimination, and the single instance in the 15 years of married life of the parties hereto, that solitary instance of mutual personal violence is not a sufficient basis for divorce."

The court denied defendant's motion to vacate the decree, and he has appealed therefrom, claiming that his consent was based upon a misapprehension of the law, and that the allegations of the bill are not sustained by the evidence. He also raises several other questions of an inconsequential nature.

In support of his arguments, defendant relies upon our recent opinions in *Brewer* v. *Brewer,* 295 Mich. 370, and *Miller* v. *Miller,* 308 Mich. 600. The factual situations in these two cases are distinguishable. Those in the instant case are comparable to those recited in *Livingston* v. *Livingston,* 276 Mich. 399. In that case the court, after citing authorities, stated:

"The general holding in these and other like cases is that notwithstanding an adjudication in a divorce suit is involved, the party seeking to avoid decree may be prevented by estoppel or laches."

Appellant insists that he—"labored under the impression that the single instance of slight personal violence in and of itself, as a matter of law, constituted a ground for divorce."

He intimates that this misapprehension on his part was the moving factor in procuring a settlement agreement. Presumably the same argument was presented to the trial judge in support of the petition to vacate and set aside the final decree. We are not advised by the record as to the holding of the trial judge in this particular, except through the order denying the motion to vacate. We find sufficient testimony to support the decree and also find it difficult to accept defendant's argument that he was misled in any particular. The allegations in the bill of complaint are sustained by the evidence. The decree is affirmed, with costs to appellee.

NORTH, C. J., and STARR, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.