NEELANDS *v.* NEELANDS.

DIVORCE—DIVISION OF PROPERTY—ALIMONY—MODIFICATION OF DE-
  CREE—SUPPORT OF CHILDREN—USE OF CAR.
  Decree awarding plaintiff wife, an invalid with tuberculosis,
    the home property worth about $7,000, household goods, $45
    a week for support and maintenance, $5 a week for support
    and education of son, a $250 attorney fee and use of car for
    transporting plaintiff to doctor, where husband's net worth
    was about $14,000 and he had an income of about $300 a
    month, is modified to disallow $5 a week for son where he
    has since joined the navy, and requirement as to use of car
    as indefinite, unnecessary and likely to be troublesome, and
    without costs on appeal.

Appeal from Washtenaw; Sample (George W.),
J. Submitted October 11, 1944. (Docket No. 52,
Calendar No. 42,654.) Decided February 20, 1945.

Bill by Gladys F. Neelands against Ralph W.
Neelands for a divorce on grounds of extreme and
repeated cruelty. Decree for plaintiff. Defendant
appeals. Modified and affirmed.

*Burke, Burke & Smith,* for plaintiff.

*Conlin, Conlin & Parker,* for defendant.

BOYLES, J. Defendant appeals from a decree
granting plaintiff a divorce. The granting of the
divorce was not contested before the circuit judge
and is not objected to on appeal. The only ques-
tions raised by the defendant on appeal are as to

the provisions of the decree in granting alimony, property settlement, and attorney fees. This requires a consideration of the facts and circumstances, and the financial situation of the parties, in attempting to reach an equitable result.

The parties were married in 1922. Neither one had been previously married, and at that time neither of them had any property. Plaintiff was about 23 years of age, defendant about 28. Both were then under treatment in an institution for tuberculosis. One child, Ralph W., was born of the marriage, age 17 at the time of the hearing in July, 1943. After the marriage defendant was unable to work for about six years, convalescing from his tubercular trouble. For several years he received $250 monthly government allowance for total disability as a veteran of World War I. Subsequently this was reduced to $50 per month for partial disability, which amount defendant is still receiving. Plaintiff is an invalid, requiring constant medical attention and daily services of a trained nurse. In 1941 plaintiff was operated upon for a pulmonary cavity of tuberculous origin from which there still remains a surface opening for drainage purposes. The parties separated in November, 1942, under circumstances which justified granting plaintiff a decree of divorce.

Plaintiff has no property except interests with defendant as tenant by the entireties. She occupies the house in Ann Arbor, owned by the parties. The occupants of the home are the plaintiff, a Mr. and Mrs. Mullen, one Sophia Schreiber who helps with housework without pay, the son Ralph when he is at home, and a maid. Mr. Mullen pays plaintiff $7 per week, which at the time of the hearing was her only independent income. She testified her expenses were over $200 per month. The defendant at the time of the hearing was employed at the Ford

Willow Run plant, his net compensation from that source averaging about $225 per month. In addition, he was receiving $180 monthly payments on a number of land contracts, the interest income from which was $25 per month, and he also receives $50 per month U. S. government pension. His total income averages $300 per month after taxes, and after deductions for war bonds which, however, represent savings for him. He admitted a net worth over indebtedness of approximately $15,000, consisting mostly of the home in Ann Arbor, balances unpaid on a number of land contracts, household goods and an automobile.

The court decreed that the defendant should convey to plaintiff the home in which she was living, free and clear of all incumbrances and taxes. This requires defendant to free the home from an existing $2,500 mortgage incumbrance. The decree also awards plaintiff the household furnishings, $45 per week for her support and maintenance, $5 per week for the support and education of the son Ralph, an attorney fee of $250, and requires defendant to furnish plaintiff an automobile to transport her to and from Detroit when necessary to see the doctor who is attending said plaintiff. All of the remaining real estate, land contracts, and other property is to belong to the defendant.

The value of the home real estate awarded plaintiff is around $7,000. The gross value of defendant's entire interests in real estate and land contracts, including the home, is approximately $22,300. The liens on these properties, including the $2,500 mortgage on the home, is approximately $8,300. This leaves a net value of about $14,000 in land contracts and real estate, of which plaintiff was awarded the home property free and clear, approximating $7,000. Under the circumstances, the award was not excessive as a settlement of the

property matters between the parties. Plaintiff was also awarded the household goods, and the defendant does not seek reversal of this provision in the decree.

Defendant complains of the award of $45 per week permanent alimony, plus $5 per week for the minor child. Defendant admits a net income of about $300 per month. The award of $45 per week for plaintiff's support and maintenance is not excessive under the showing made as to her necessities, her invalidism, and inability to work. It is affirmed. The award of $5 per week for support and education of the minor son, who is now in the navy, is unnecessary and may be discontinued. The provision requiring defendant to furnish an automobile to transport plaintiff is indefinite as to time, seemingly unnecessary and likely to be troublesome, and may be left out of the decree. The decree should provide that upon failure of *either party* to convey real estate (not limited as at present to the defendant alone), the decree may be recorded and stand as the conveyance of such party. The award of $250 attorney fees in the lower court is not exorbitant in view of our conclusion not to award costs on appeal.

A decree may be entered in this court embodying the provisions of the decree appealed from, modified as indicated herein. The decree will provide that the case be remanded to the circuit court for enforcement of its provisions, with jurisdiction in the circuit court for such change or modification of the provisions for alimony as any changes in circumstances may require. No costs of appeal awarded.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.