MERTENS *v.* MERTENS.

1. DIVORCE—DIVISION OF PROPERTY—EQUITY.

Division of property jointly owned by parties to suit for divorce whereby wife was awarded a three-apartment building appraised at $8,500 but subject to mortgages totalling $6,645.51 *held,* fair, where husband was required to discharge such mortgages, a lien was given on property awarded to him to insure performance of such obligation and total value of all equities in five parcels of heavily-encumbered real estate was approximately $21,000, one of the parcels having been acquired by husband prior to the marriage and other acquisitions were largely the result of his earnings and business ability.

2. SAME—RESTRICTION ON CONVEYANCE OF PROPERTY.

Wife *held,* not entitled to complain of provisions restricting either party from disposing of his or her property, awarded

under the decree of divorce, without making application to, and obtaining permission from, the court, where such provisions appear to have been agreed to by the parties and were inserted for the protection of wife and the children.

3. Same—Father's Visitation—Modification of Decree.

Provision of decree granting husband custody of the parties' two children 4 hours every other Sunday and Wednesday, a week each Christmas and Easter period, and a month during summer school vacation period was not unreasonable and hence is not modified on mother's appeal in view of father's evident interest, although such provision is subject to future modification if there is a change of circumstances shown.

4. Same—Modification of Decree—Support of Children—Health.

Provision awarding wife $1,300 a year for support of daughter and son is not modified upwards where wife is earning an additional $40 a week, apartment property awarded her rents for $95 a month, and her claim of impaired health was not substantiated, the alimony granted not being an abuse of discretion on part of trial court.

5. Wills—Revocability.

In general, a testamentary instrument is by its nature revocable.

6. Divorce—Irrevocable Will.

Where there was no contract between parties to suit for divorce for the making of an irrevocable will by the husband so as to leave all of his property to the children of the parties, a provision in decree requiring him to make such a will and not make changes therein is unenforceable and ordered stricken.

7. Same—Income Tax Return.

Provision of decree for divorce requiring husband to file with the friend of the court each year a sworn copy of his income tax return is ordered omitted as unnecessary in view of other provisions in decree.

8. Same—Modification of Decree—Remand—Alimony—Custody of Children.

Where decree of divorce is modified, decree enters in Supreme Court embodying trial court's decree as modified but cause is remanded for enforcement and with jurisdiction to modify, as changes in circumstances may require, provisions for alimony and custody of children.

9. Same—Costs—Wife's Appeal.

No costs are awarded where wife appealed from decree of divorce and did not prevail.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted April 2, 1946. (Docket No. 8, Calendar No. 43,175.) Decided June 3, 1946.

Bill by Edward Mertens against Celina V. Mertens for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for limited divorce for extreme and repeated cruelty. Decree for defendant. Defendant appeals. Modified and affirmed.

*O'Brien & Nertney,* for plaintiff.

*Anthony E. Handloser,* for defendant.

CARR, J. The parties to this case were married in 1929. At that time plaintiff was 36 years of age and defendant 21. Two children were born of the marriage, a daughter and a son, now 14 and 7 years of age, respectively. Plaintiff instituted suit for divorce in April, 1943, charging defendant with extreme and repeated cruelty. Defendant by answer denied the charges made against her and by cross bill sought a decree of limited divorce. On the trial plaintiff offered no proofs in support of the charges in his bill of complaint and defendant was awarded a decree of absolute divorce on grounds of extreme and repeated cruelty. From such decree she has appealed.

Prior to the marriage plaintiff was the owner of a parcel of real estate on Crane avenue in the city of Detroit, in which at the time of the trial the parties had a net equity of approximately $1,600. Subsequent to the marriage plaintiff and defendant became the owners of two other parcels, located respectively on Chalmers and Lakewood avenues in Detroit, and also purchased under land contracts

a vacant lot and a parcel on Warren avenue used for business purposes. The properties to which the parties hold title are encumbered by mortgage liens. The record indicates that the total value of the equities of the parties in the real estate, at the time of the trial, was approximately $21,000, all of said equities being jointly owned. The decree of the trial court gave to defendant the property on Lakewood avenue, a three-apartment building, on which the cash appraisal of the expert witness, who valued all of the property, was $8,500. Said property, however, was subject to two mortgages aggregating $6,645.51. By the terms of the decree plaintiff was required to discharge these mortgages, and a lien to insure the performance of the obligation was given to defendant, said lien covering the real estate equities of which plaintiff was decreed to be the owner.

Defendant is not satisfied with the property division as set forth in the decree and asks that it be modified in such manner as to give her one-half of all of the real estate equities of which the parties were the owners at the time of the trial. In view of the fact that plaintiff was required to assume the mortgages on the property decreed to defendant, and that the net value of his equities in the remaining property must be decreased accordingly, it does not appear that the division made by the trial court was unfair to defendant. Doubtless, the court took into consideration, and properly so, that one of the parcels of real estate had been acquired by plaintiff prior to marriage and that the other interests above referred to were largely the result of his earnings and business ability. On the record before us, and bearing in mind that all of the parcels decreed to plaintiff were heavily encumbered, we do not think that defendant is en-

titled to complain with reference to the property division.

The decree further provided that neither of the parties should dispose of his or her property, awarded under the decree, without making application to, and obtaining permission from, the court. Defendant asks that this provision be eliminated and that no conditions be attached to the future ownership or disposition of the property. The record shows that this matter was discussed between the court, the attorneys, and the parties to the case. Plaintiff expressly consented to the restrictive provisions and asked that defendant be likewise restricted with reference to the property awarded to her. Thereupon the following occurred:

"*The Court:* Mr. Handloser, if an injunction is issued restraining Mr. Mertens from disposing of any of this property without the approval of the court, would there be any objection to including a similar provision with relation to Mrs. Mertens as to Lakewood?

"*Mr. Handloser:* I don't see why there would be any objection. If she had reason to sell it, maybe find a more desirable piece of property, she could make proper showing the same as he would. I don't see any objection."

Pursuant to the arrangement thus suggested and agreed to, the trial court included in the decree the provision in question. The court was entitled to assume that the defendant agreed to the restriction as to her property by way of consideration for a like agreement by the plaintiff as to the real estate awarded to him. Obviously, the provisions now objected to by defendant were included for her protection and for the protection of the children. Under the circumstances disclosed by the record she is not entitled to complain. *Livingston* v. *Living-*

*ston,* 276 Mich. 399; *Bracklow* v. *Bracklow,* 310 Mich. 201.

The decree gave to defendant the custody of the children, subject to the provision that plaintiff should "have the right to have said children with him for a period of four hours every other Sunday and every other Wednesday, and the further right to have said children for one week each Christmas period, beginning the first day after Christmas, and for one week each Easter period, beginning the day after Easter, and for one month during the summer school vacation period; and that said Edward Mertens shall notify Celina V. Mertens of the location where the children will be kept during such periods, and said Edward Mertens shall not keep the said children at his hotel." Defendant asks that this provision be modified in such manner as to restrict the visiting and custody privileges granted to plaintiff to "every other Sunday and a two-week summer vacation period." In her testimony on the trial defendant expressed her approval of the visitation arrangement as recommended by the friend of the court providing for 4½ hours on each alternate Wednesday and 4½ hours on each alternate Sunday, and stated, "I am satisfied that that continue." She further expressed an opinion that plaintiff's period of custody during the summer vacation should be limited to two weeks. However, in the exercise of his discretion the trial court extended such period to one month, and also included the provisions with reference to Christmas and Easter vacations. In view of the provisions made in the decree with reference to support of the children by plaintiff, and the evident interest, as disclosed by the record, on the part of the plaintiff in the future welfare of his children, it cannot be said that such provisions were unreasonable. No claim is made that they will

operate in any way to the prejudice of the children, or of the defendant. If there is a change in circumstances of such character as to necessitate a modification of the decree in this respect, defendant may, of course, petition the court to that end.

For the support of the children plaintiff was ordered by the decree to pay defendant, through the office of the friend of the court, the sum of $100 a month, with an additional $100 at Christmas time each year. Such award was in accordance with the recommendation of the friend of the court. Defendant asks that the amount of such payment be increased to $135 a month. In support of this claim, attention is called to testimony indicating that her health, at the time of the trial, was not good. The record discloses in this regard that defendant was overweight and had been treated by an osteopathic physician for such condition. The testimony of such physician indicates that the condition improved. It further appears from her own testimony that defendant had been working for seven months prior to the date of the trial, earning approximately $40 a week and that she intended to continue in such employment. It is also in evidence that the three apartments in the building on Lakewood avenue, awarded to defendant by the decree, rented in the aggregate for $95 a month. There is no showing that the amount of the alimony as fixed in the decree is insufficient to permit defendant to care properly for the children. Under such circumstances it cannot be said there was any abuse of discretion on the part of the trial court. See *Stalker* v. *Stalker,* 313 Mich. 209.

On the trial in the circuit court plaintiff testified that he planned to leave his property to his children on his death and that he would be willing to consent to a provision in the decree with reference

to the making of a will to carry out such intent. In accordance with this consent on plaintiff's part the decree required that he execute a last will and testament devising and bequeathing all of his property to the children of the parties and that he make no changes therein. The provision obviously contemplates an irrevocable will. Counsel for defendant contends that such provision is void. We think that the claim in this regard is well founded. In general, a testamentary instrument is by its nature revocable. *Mandlebaum* v. *McDonell,* 29 Mich. 78, 91 (18 Am. Rep. 61); *Klussman* v. *Wessling,* 238 Ill. 568 (87 N. E. 544). Neither was there any contract between the parties for the making of such a will as was the case in *Spence* v. *Spence,* 290 Mich. 98 (124 A. L. R. 141). The clause in question is unenforceable and will be stricken from the decree.

The trial court further required that plaintiff file with the friend of the court each year a sworn copy of his income tax return, and that other information be furnished by plaintiff from time to time as to his financial condition. We do not think that the requirement as to the tax return is necessary, particularly in view of other provisions of the decree. It may, therefore, be left out. *Neelands* v. *Neelands,* 310 Mich. 537.

A decree will enter in this court embodying the provisions of the decree of the circuit court, modified as above indicated. Such decree will further provide that the case be remanded to the circuit court for enforcement of its provisions, and with jurisdiction to modify the provisions for alimony and custody of children as changes in circumstances may require. No costs are awarded on this appeal.

BUTZEL, C. J., and SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred. BUSHNELL, J., took no part in the decision of this case.