## KENNEDY v. KENNEDY.

1. DIVORCE—JURISDICTION—RESIDENCE.

Where the only testimony on the hearing in open court as to residence of parties to suit for divorce was that they had a home at a certain street address without stating that it was located within the county, there was no testimony in open court to establish that either of parties had resided within the State for a period of 1 year, hence the court did not have jurisdiction to grant a divorce (CL 1929, § 12731, as amended by PA 1941, No 2).

2. SAME—PRO CONFESSO CASE—JURISDICTION.

In a suit for divorce wherein defendant withdrew his answer and consented that the bill of complaint be taken as confessed, such consent does not establish jurisdiction (CL 1929, § 12731, as amended by PA 1941, No 2).

3. SAME—WAIVER OF ESSENTIAL REQUIREMENTS.

The parties to a divorce suit, other than the State can waive nothing essential to the validity of the proceedings.

4. SAME—EXTREME CRUELTY—EVIDENCE.

Extreme cruelty on part of husband as evidenced merely by testimony as to his uncontrollable temper and intolerance towards the children of the parties *held*, insufficient to afford a basis for divorce.

5. SAME—REVERSAL—REMAND—COSTS.

Upon reversal of decree of divorce because jurisdiction of the court and extreme cruelty were not proven, the case is remanded to the circuit court for further proceedings and defendant husband permitted to contest the granting of a divorce, without costs being awarded.

REFERENCES FOR POINTS IN HEADNOTES
[2, 3] 17 Am Jur, Divorce and Separation, § 248. .
[4] 17 Am Jur, Divorce and Separation, § 72.

Appeal from Wayne; Brennan (John V.), J. Submitted June 16, 1949. (Docket No. 64, Calendar No. 44,399.) Decided September 8, 1949.

Bill by Dorothy Jane Kennedy against Robert H. Kennedy for divorce on grounds of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Reversed and remanded for further proceedings.

*David E. Roberts* (*J. Gilbert Quail,* of counsel), for plaintiff.

*Guy W. Moore* and *Buckingham, Piggins & Rehn,* for defendant.

REID, J. This is a divorce suit commenced in the circuit court for Wayne county in chancery, in which the interests of two young children of the parties are involved. From a decree for the plaintiff awarding to her the custody of the two children, both under 17 years of age, and making a property settlement, and also requiring the payment of a specified sum for the support of the children, the defendant appeals.

The parties were married, November 7, 1940. Their two children are Robert, born in 1942, and Thomas, born in 1943. The parties separated in November, 1945. Plaintiff in her bill of complaint, filed February 25, 1946, alleged extreme cruelty. The defendant filed an answer but subsequently, on December 23, 1947, the parties entered into a stipulation that "an order may be entered * * * withdrawing defendant's answer, taking plaintiff's bill of complaint as confessed and permitting plaintiff to proceed forthwith, in the above entitled cause as a pro confesso case."

An order was immediately entered on this stipulation and on the same day, December 23, 1947, plaintiff proceeded to her proofs.

Plaintiff married 4 days after the decree and took her 2 children with her to the island of Trinidad, in the West Indies, outside of the United States and outside the jurisdiction of the court.

There was no testimony on the hearing in open court to establish that either of the parties had resided in the State of Michigan for a period of 1 year. See CL 1929, § 12731, as amended by PA 1941, No 2,* (CLS 1945, § 12731, Stat Ann 1946 Cum Supp § 25.-89). The only testimony to show the residence of the parties was:

"*Q*. You have a home owned by the parties? (entireties?)

"*A*. Yes, sir.

"*Q*. Where is that located?

"*A*. 4305 Harvard road."

While it may be supposed that Harvard road is in Wayne county, there is nothing from which the court can take judicial notice of that fact.

While the defendant withdrew his answer and consented that the bill of complaint be taken as confessed, and consented that the plaintiff proceed at once as in a pro confesso case, still such consent does not establish jurisdiction. In *Bradfield* v. *Bradfield*, 154 Mich 115, 119 (129 Am St Rep 468), we say:

"It is urged that, even should the court hold that complainant was not a resident of this State within the meaning of the statute, defendant by admitting in his answer the allegation of the bill relative to her residence is precluded from raising the question. Such admission did not confer jurisdiction upon the court. If the law were otherwise, the very purpose

---

* As subsequently amended by PA 1947, No 323, see CL 1948, § 552.9.—REPORTER.

of the statute would be defeated, and collusive and fraudulent divorces encouraged. Such holding would be against public policy. Upon this question the conclusion of the court is founded upon reason and supported by authority." (Citing *Smith* v. *Smith,* 10 ND 219 [86 NW 721], and *Prettyman* v. *Prettyman,* 125 Ind 149 [25 NE 179].)

See *Lehman* v. *Lehman,* 312 Mich 102. See, also, *Wieser* v. *Wayne Circuit Judge,* 247 Mich 52, syllabus 5:

"The parties to a divorce suit other than the State can waive nothing essential to the validity of the proceedings."

The testimony in the case at bar to support the charge of extreme cruelty consisted of the following examination of the plaintiff:

"*Q.* You say in your bill of complaint, amongst other things that your husband was cruel and intolerant; tell us what actually happened.

"*A.* I think the biggest thing was his uncontrollable temper, his intolerance towards the children."

The testimony of the supporting witness, Mrs. Quail, on that subject was as follows:

"*Q.* What do you know as to the manner in which her husband has treated her?

"*A.* I know that he is extremely intolerant of the children. I know he won't tolerate the children in his room, and on several occasions he has lost his temper."

There was no other testimony introduced on the hearing on the subject of extreme cruelty.

In *Cooper* v. *Cooper,* 17 Mich 205 (97 Am Dec 182), in an opinion written by Justice Campbell and concurred in by the other justices, we say at p 210:

"The law does not permit courts to sever the marriage bond, and to break up households, merely because parties, from unruly tempers or mutual wranglings, live unhappily together. It requires them to submit to the ordinary consequences of human infirmities, and of unwise selections, and the misconduct which will form a good ground for a legal separation must be very serious, and such as amounts to extreme cruelty, entirely subverting the family relations by rendering the association intolerable."

These words were cited with approval in *Brewer* v. *Brewer,* 295 Mich 370, 373. The same words were cited with approval in *Miller* v. *Miller,* 308 Mich 600, 602, 603, and in *Kolberg* v. *Kolberg,* 312 Mich 42, 45, 46. In the latter two cases, additional words were cited from the opinion of Justice CAMPBELL.

A careful consideration of these cases is persuasive that the testimony given in the case at bar falls far short of any proof of extreme cruelty under the laws of this State.

In the case at bar, the jurisdiction of the court was not proven; extreme cruelty was not proven. The decree appealed from is reversed. The case is remanded to the circuit court for further proceedings. Defendant is permitted to contest the granting a divorce. No costs.

SHARPE, C. J., and BUSHNELL, BOYLES, DETHMERS, BUTZEL, and CARR, JJ., concurred with REID, J. NORTH, J., concurred in the result.