KENNEDY *v.* KENNEDY.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE—RECONCILIATION.
   Finding of trial court in wife's suit for divorce that defendant husband was guilty of extreme cruelty justifying award of divorce to plaintiff *held,* supported by record which also shows that a reconciliation is almost impossible.

2. SAME—IMPROPER CONDUCT—EVIDENCE.
   Finding of trial court in wife's suit for divorce that she was not shown to have been guilty of improper conduct *held,* supported by record.

3. SAME—PROPERTY SETTLEMENT.
   Plaintiff wife *held,* entitled to $1,000 under property settlement as decreased from $5,000 by trial court in second decree for plaintiff in her proceedings for divorce.

4. SAME—VISITATION—CUSTODY OF CHILDREN—SUPPORT OF CHILDREN.
   Provisions of decree awarding custody of children to plaintiff wife and awarding father the right of visitation and

REFERENCES FOR POINTS IN HEADNOTES
[5] 17 Am Jur, Divorce and Separation §§ 676, 679.

temporary custody for not more than 6 weeks in summer, and ordering him to pay $12.50 a week for each child for 3 years and thereafter $15 a week *held,* proper, where mother is shown to have been devoted to the children, seen to their education, and to have kept them well cared for and defendant has exhibited some indifference towards them.

5. SAME—CUSTODY OF CHILDREN—REMOVAL FROM JURISDICTION.
    Decree awarding general custody of children to mother but permitting their removal from jurisdiction of the court only with the permission of the court or agreement of the parties' *held,* proper.

6. SAME—CHANGE OF NAME OF CHILDREN.
    No order is made as to change of surname of children of divorced parents, where Supreme Court is assured there will be no further attempt to change their name.

7. SAME—COSTS—HUSBAND'S APPEAL.
    No costs are allowed on affirmance of decree of divorce, where husband has appealed.

Appeal from Wayne; Brennan (John V.), J. Submitted April 10, 1952. (Docket No. 34, Calendar No. 45,039.) Decided June 2, 1952.

Bill by Dorothy Jane Kennedy against Robert H. Kennedy for divorce on grounds of extreme cruelty. Cross bill by defendant against plaintiff for divorce on grounds of extreme cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Arthur L. Goulson* and *Abbott, Roberts & Smith,* for plaintiff.

*Buckingham, Piggins, Rehn & Balmer,* for defendant.

BUTZEL, J. On December 23, 1947, in the divorce suit brought by Dorothy Jane Kennedy, plaintiff, against Robert H. Kennedy, defendant, on stipulation of parties, an order withdrawing defendant's an-

swer was signed and filed and an interlocutory decree
was entered awarding plaintiff a divorce from de-
fendant. At the same time an order of reference
was made to the friend of the court for taking of
testimony in regard to the alimony and property.
The calendar entry indicates that the friend of the
court had made a previous report as to the custody
of 2 minor children, both boys, one born July 30,
1942, and the other on November 16, 1943. A third
child died several years before the suit was begun.

On June 16, 1948, the court entered a decree *nunc
pro tunc* as of December 23, 1947. It was filed on
June 22, 1948, and became final on June 23, 1948.
The provisions of the decree were as follows: It
gave plaintiff a divorce and the custody of the 2
minor children until they reach the age of 17 or
until the further order of the court, subject, however,
to a right of visitation, but giving plaintiff the right
to take the children out of the State of Michigan,
provided she reported to the friend of the court the
addresses where the children were staying. Defend-
ant was ordered to pay the friend of the court for
the plaintiff the sum of $25 a week for the support
of each child, and to pay plaintiff $5,000 as a prop-
erty settlement, he having a net equity valued at
$10,000 in a house purchased with his funds. Fur-
ther details appear in the record on file in this Court
in *Kennedy* v. *Kennedy,* 325 Mich 613, referred to
herein as the original divorce case.

On June 15, 1948, defendant by new counsel moved
to set aside the stipulation and order withdrawing
answer which preceded the interlocutory decree of
December 23, 1947. The motion was denied on June
22, 1948. On July 6, 1948, 14 days after the final
decree was entered, defendant filed a claim of appeal.

On Spetember 8, 1949, we held in 325 Mich 613,
that the record showed neither jurisdiction nor
cruelty. The difficulty arose through the neglect to

make the proper and necessary showing in a *pro confesso* divorce case. The decree was reversed, the case remanded to the circuit court for further proceedings, and defendant was permitted to contest the granting of a divorce. In the opinion we referred to the fact that the plaintiff married 4 days after June 23, 1948, when the decree by its terms became effective, and had taken the 2 children with her to Trinidad, British West Indies, outside the jurisdiction of the United States and of this Court.

Upon the remanding of the case, defendant filed a cross bill charging plaintiff with neglect of the children, with extravagance, intoxication, and principally, with her living in a married state in Trinidad with Mr. X, whom she married before the time to appeal from the decree had expired, in fact, only 10 days before an appeal was taken. Mr. X was later identified as Mr. Morrow. An answer to the cross bill denying all charges therein was filed. Plaintiff also filed an amended bill charging defendant with extreme cruelty consisting of excessive and unreasonable demands for cohabitation and contrary to the order of her physician forbidding it, because of a physical breakdown while carrying her first baby; that she was refused medical care which she was in need of after having given birth to 3 children in 3 years; with cruelty and indifference toward the children; with intoxication on frequent occasions; penuriousness; inadequate support forcing her to do sewing for others to obtain money and remaking worn clothes for herself; and, after their separation, with vile and abusive curses and threats. We shall not elaborate on the charges and counter charges appearing in a record of 660 pages. Suffice it to say that the testimony disclosed that defendant was guilty of extreme cruelty, as found by the trial judge.

Defendant contends that plaintiff's actions subsequent to the first decree constitute extreme cruelty, but disclaims any other reflections upon her conduct in that respect. Plaintiff, before marrying Mr. Morrow, consulted a judge in California who told her that she could remarry at that time. She appears to have done so in good faith. She subsequently returned to Michigan with her 2 sons, but after the first decree was reversed, she again took the children to Trinidad in November, 1949. Plaintiff testified that she went back to Trinidad partly because the older boy had suffered most severely from asthma and that he was free from it in Trinidad, his general health having noticeably improved. She also testified that while in Trinidad she earned a living working in a dress shop and also in radio work which is not available to her in the United States; that she returned to Morrow's apartment only as a temporary measure as she was unable to find other suitable lodgings in Trinidad; that she and Morrow conducted themselves properly during the latter sojourn in Trinidad. Disinterested witnesses also testified that she always conducted herself properly during this time. The trial court so found, notwithstanding the testimony of one "investigator" whom the court did not believe. We shall not disturb its finding. It is fully supported by the testimony.

We conclude, therefore, that the divorce was properly granted to plaintiff. An independent examination of the record shows that a reconciliation is almost impossible.

The trial court in its second decree decreased the award to plaintiff from $5,000 to $1,000 for property settlement and alimony. Plaintiff is clearly entitled to this amount.

The most important question is the custody of the 2 minor children and what is best for them. In the

first decree, the trial judge held that plaintiff might remove them from its jurisdiction by notifying the friend of the court. In the present decree, the court ordered that this could only be done with the permission of the court or agreement of the parties. He gave defendant and cross-complainant the right of visitation and temporary custody of the children for a period not to exceed 6 weeks during the months of July and August. Otherwise plaintiff was given the custody of the children and defendant and cross-plaintiff was ordered to pay the friend of the court the sum of $12.50 a week for each child and after 3 years the sum of $15 a week for each child. These provisions are proper. The plaintiff has always been a good mother and devoted to the children. She has looked after their secular and religious education, and kept them well cared for. The defendant and cross-plaintiff has shown a certain amount of indifference towards the children, as particularly shown by the motions made in this Court, for he did not take advantage of the opportunity of taking the children for a protracted period during the summer of 1951 when they were offered him, nor did he observe their birthdays or Christmas after the parties were separated.

The children were given the name of Morrow when they were taken to Trinidad. Since their return to Michigan, they have been enrolled in school under the name of Kennedy and are so known. We have been assured at the oral argument that there will be no further attempt to change their name. The court retains its jurisdiction to determine what is best for the children during their minority.

The decree is affirmed, but without costs.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.