Morris Eder, J.
Plaintiff has moved to confirm the report of the Official Referee who has recommended her motion for leave to enter judgment for alimony arrears be granted for an amount not exceeding $2,740. Defendant contends that the motion should be denied in its entirety because plaintiff “ by obtaining a mail order divorce in Mexico abandoned her proceeding here in New York and thus has no further rights under the decree of separation and accrued alimony ’’.
In May, 1949 plaintiff was granted a decree of separation and awarded therein $15 weekly for her support and $20 weekly for the support of a son. There appears to be some question as to when the son enlisted in the Navy, but the Beferee found that he entered the service in 1949, the same year as the decree, and received his subsistence from the Navy for the remaining period of his minority. It was recommended that, ‘‘ regardless of the age at which he entered the service ”, defendant be relieved of the burden of paying plaintiff at this time any portion of the maintenance attributable to the son.
*908 Defendant actually paid a total of only $40 in all the years since the decree. Plaintiff endeavored in 1949 to enforce payment by bringing on a contempt application and obtaining a commitment order which, however, could not be executed because defendant could not be found. He had left his employ and plaintiff was unable to locate him. Plaintiff naturally had to support herself, without any assistance from him, by working. Finally she met a “ gentleman ” and decided to get a divorce from her “ missing ” husband. She chose a Mexican mail-order divorce and remarried in Connecticut on December 20, 1952. Learning of her remarriage, defendant commenced a divorce action in 1954 in this State which was not opposed. He obtained his decree in June, 1955 and subsequently remarried. Shortly thereafter plaintiff brought on this motion for judgment for unpaid alimony arrears up to the date of her remarriage amounting to $7,473.
Defendant cites Carbulon v. Carbulon (293 N. Y. 375) in support of his argument that plaintiff must be deemed as a matter of law to have abandoned all her right to the accrued alimony by reason of her remarriage. There plaintiff-wife obtained an order for alimony pendente lite in a separation action. The defendant then procured a Connecticut divorce and plaintiff in reliance thereon remarried. This was naturally an abandonment of her right to prosecute the pending separation action. Since, under the law as then established, past-due temporary alimony did not constitute a debt upon which judgment could be entered during the pendency of the action, it was held that she had by her remarriage also lost the right to enforce payment of the alimony. The court pointed out that section 1171-b of the Civil Practice Act, enacted in 1939 subsequent to her remarriage in 1938 (which did give the right to apply for leave to enter judgment for unpaid alimony due under a judgment or order of the court) could not be invoked retroactively to revive the remedy lost by her remarriage.
It is quite clear that the Carbulon case (supra) is not in point. The unpaid alimony here sought to be enforced by means of a judgment is due under a decree of separation, not an order pendente lite; and all of the acts of the parties are subsequent to the enactment of section 1171-b.
Defendant also urges that the discretion which section 1171-b states shall be exercised by the court in directing entry of judgment for the amount of the arrears “ or for such part thereof as justice requires having regard to the circumstances of the respective parties ”, should here be extended to bar any *909 recovery because of plaintiff’s void Mexican divorce and the finding in his divorce action of her commission of adultery.
While flexibility in deviating from the fixed amount due under the decree of the court was thus authorized in the section, the circumstances here disclosed do not warrant, in my opinion, any further allowance to defendant beyond the amount set forth in the report of the Official Referee. He has been given the benefit of the doubt as to the period of his son’s enlistment and has thereby been absolved from making any payment toward his support. He indicated Ms complete disregard of the decree and orders of this court by paying the insignificant sum of $40 during all the years when he made himself unavailable for service of process. His conduct, it would appear, drove plaintiff to seek a divorce. To be sure, her choice of procedure was ill advised. But no sound reason suggests itself to grant this defendant the boon of escaping completely all the obligations decreed by this court because of this misstep by plaintiff. The sum of $15 weekly which he should have paid for plaintiff’s support was certainly not too burdensome, particularly in view of the fortuitous enlistment of his son. He has saved all that money and should not be permitted an additional windfall because plaintiff obtained a Mexican divorce which, as a matter of fact, enabled him to avoid all future obligations after her remarriage.
His present circumstances, while limited, are not so hopeless as to foreclose the possibility of his making arrangements to pay installments on account of the judgment to be entered. That judgment will, represent an accrued indebtedness which, had lie paid it when due, would not have entailed any serious sacrifice on his part. Plaintiff was compelled to support herself without any assistance during the period when the decree required such assistance from him and should be reimbursed. Defendant is not entitled to any more consideration than has already been accorded Mm.
The motion is accordingly granted, and plaintiff given leave to enter judgment for $2,740, this being the unpaid alimony for her support up to the time of her remarriage.
Settle order.