CARROLL, Judge
(dissenting).
I am unable to agree with the majority judgment which affirms the order denying modification because the testimony taken at *748 the hearing on the petition to modify the support decree was not recorded and presented on the appeal. The order reveals the chancellor rejected the petition on an erroneous conclusion of law, aside from the testimony.[1]
The parties were divorced in Dade County in 1945. The decree required the father to pay the mother $50 a month for support of a minor son. Twelve years thereafter, in 1957 when the boy was 16 years old, the decree was amended on their stipulation to increase the child support to $100 per month. That is the only change or modification which has been made in the decree. Two years later, in June of 1959, the boy became a cadet in the United States Air Force Academy at Colorado Springs, Colorado, where he remains. It is, of course, common knowledge that such a cadet is housed, fed, clothed and equipped and educated at government expense. And it is admitted that while there he receives in addition from the government the sum of $111.15 per month.
When the boy entered the Air Force Academy his support status was changed. Any remaining need for parental support would be minimal. It is inconceivable that the father should remain obligated to pay to the boy’s mother the full decreed amount of $100 a month for his support during the period in which the boy is a cadet in the Academy. Yet that is what the court has required, and he is now in his third year there.
Without having sought modification of the decree because the boy no longer needed his support, the father simply stopped the support payments after he entered the Academy. More than a year later, the mother sued out a rule requiring the father to show cause why he should not be adjudged in contempt for such default. The court then ruled he should pay the defaulted amounts and currently maturing payments as ordered by the decree. The fact that the government was supporting the boy, was rejected as a defense to the rule to show cause. The father was caught there by a technicality. Fiad he first filed a petition to modify the decree, it can be assumed he would have been relieved of most if not all of the support required of him by the decree, so long as the minor son remained in the Air Force Academy.[2] But when he *749 offered the fact that the boy was in the Academy in response to the rule to show cause, the chancellor was justified, under respectable authority, in holding him to the terms of the unmodified decree.[3] While not having ruled on those precise facts, the Florida Supreme Court has held generally that a decree ordering alimony or child support must be obeyed until modified where the basis for claiming modification is one not expressly stated in the decree to have that effect.[4]
Five months later, in April of 1961, the unenlightened father finally did file a petition to modify the decree, in which he set up and relied on the fact that the boy was in the Air Force Academy and being supported and paid by the government. The mother answered, admitting, of course, that the boy was in the Academy and was being paid $111.15 a month by the government, but averring there were restrictions on his use of that money, and that she needed money for things for him and to visit him there, etc.
While it appears improbable that the mother could need money for “support” of this boy while he is a cadet in the Air Force Academy, it would be open to her to show such need, if in fact it exists; and it was so indicated by a case decided in the second district, which was cited in the majority opinion, Brody v. Brody, Fla.App.1958, 105 So.2d 378. The brief opinion in that case does not disclose the facts. It recites that the appeal is from an order denying a father’s petition to modify based on a minor’s entrance into military service, holds that because the testimony taken on the petition to modify was not recorded and presented on the appeal the appellate court is “not in a position to say just what actually transpired before the chancellor”, and affirms the order without prejudice.
Here, likewise, the testimony on the petition to modify is not presented on appeal. Relying on the Brody case, the majority affirms for that reason. I cannot agree that the absence here of testimony taken at the hearing below on the petition to modify the decree forces affirmance. It is clear from his order that the chancellor did not deny modification on the basis of the evidence as it may have related to some remaining need of the mother for money to support the boy, but denied modification on the erroneous conclusion that because the father had raised the fact of government support in response to the rule to show cause against him, and it had been rejected as a defense to the rule in November of 1960, the father could not later maintain a petition to modify the decree on the ground of that change in the support status of the boy, but only if some new or other change in the “financial circumstances of the parties” could be shown to have occurred since the hearing on the rule. That earlier order of November 7, 1960, did not change or modify the decree. It was not entered on a proceeding for modification of the support decree, but on a hearing in which the father was responding to a contempt rule. Cf. Cortina v. Cortina, Fla.1957, 98 So.2d 334.
The chancellor’s order, denying the petition for modification, was based squarely *750 on the ground that there had been no change in the financial circumstances of the parties since his order of November 7, 1960, which was the one he had entered five months earlier on the rule to show cause. Obviously, there had been no change with respect to the boy’s support status. He was in the Air Force Academy and being supported by the government when the rule to show cause was heard in the fall of 1960, and he was still in the Academy when the father’s petition for modification on that ground was presented in the spring of 1961. A requirement by the chancellor that in order to obtain a modification the father must show some material change since the time of the prior order on the rule to show cause, effectively removes the fact of the boy’s support by the government as a ground for modification, because that change in the boy’s status, being the ground on which the father must rely for modification, is one that occurred prior to the order on the rule to show cause. For that reason, I see little practical value to the father in the provision of the majority opinion in this case that the affirmance of such order is without prejudice to him to apply again for modification on that ground — unless, on such a subsequent application to modify on that ground, the chancellor then should conclude (as I feel he should have in the first place, but now would seem to be contrary to the import of his order which is here affirmed), that such ground is appropriate upon which to grant modification even though it was not a defense to the prior rule to show cause.
But if that ground would be meritorious when submitted to the chancellor on a new petition, why was it not equally good when presented on the first petition to modify? And if we are to infer from the majority opinion that the father may obtain relief from the support order upon filing a new petition on that ground, what of the period from the date of the filing of his first petition in April of 1961, to the date of some new petition? Why postpone commencement of such relief to the date of a similar petition which may be filed later?
In my opinion the order denying the father’s petition for modification should be reversed, and the cause should be remanded with directions to the chancellor to determine, from the evidence taken or to be taken, whether, notwithstanding the fact that this 20 year old boy is a cadet in the United States Air Force Academy being educated and supported by the government, the mother still needs money for his “care, maintenance, education and support”, and if so, how much and for what; and, subject thereto, to modify the decree to grant to the father the relief from the support payments to which the chancellor shall find him entitled, effective from the time of the filing of his petition for modification. I therefore respectfully dissent from the judgment of affirmance.

. The pertinent portions of the order denying the petition to modify were as follows:
“This Suit coming on before me to be heard upon plaintiff’s Petition for Modification of the Pinal Decree of Divorce entered herein, and plaintiff having made payment of the attorneys’ fee and support money as to which ho was delinquent, as set out in the defendant’s Answer to said Petition, and the testimony of the plaintiff and Henry D. Hoffman, III, the son of the parties in this suit, having been heard, and it appearing to the Court that there has been no important change in the financial circumstances of the parties in this suit since the Order of this Court entered November 7th, 1960, which would justify a further modification of said final decree of divorce, upon consideration thereof, it is,
“Ordered, Adjudged, and Decreed as follows:
“1. That plaintiff’s petition for the further modification of the final decree of divorce entered in this suit is hereby denied[Italics supplied.]

. Entrance of a minor into a branch of the military service is a ground for termination, suspension or material reduction of payments which his father may have been ordered to make for his support, for the obvious reason that the support of the minor by the government operates to eliminate in large part if not entirely the need for parental support. See Streeter v. Streeter, 67 Cal.App.2d 138, 153 P.2d 441; Peacock v. Peacock, 212 Ga. 401, 93 S.E.2d 575; Torras v. McDonald, 196 Ga. 347, 26 S.E.2d 598; Iroquois Iron Co. v. Industrial Comm., 294 Ill. 106, 128 N.E. 289, 12 A.L.R. 924; Corbridge v. Corbridge, 230 Ind. 201, 102 N.E.2d 764; Neelands v. Neelands, 310 Mich. 537, 17 N.W.2d 743; Green v. Green, Mo.App.1950, 234 S.W.2d 350; Swenson v. Swenson, 241 Mo.App. 21, 227 S.W.2d 103, 20 A.L.R.2d 1409; Davis v. Davis, 217 Miss. 313, 64 So.2d 145; Schrader v. Schrader, 148 Neb. 162, 26 N.W.2d 617; Slep v. *749 Slep, 43 N.J.Super. 538, 129 A.23 317; Schwartz v. Schwartz, N.Y.Sup.Ct.1956, 2 Misc.2d 907, 152 N.Y.S.2d 342; Stavis v. Stavis, N.Y.Sup.Ct.1946, 61 N.Y.S.2d 634; Glover v. Glover, 44 Tenn.App. 712, 319 S.W.2d 238; Koon v. Koon, 50 Wash.2d 577, 313 P.2d 369; Ditmar v. Ditmar, 48 Wash.2d 373, 293 P.2d 759; 67 C.J.S. Parent and Child § 88, p. 814. See also Argonaut Ins. Exchange v. Kates, 137 Cal.App.2d 158, 289 P.2d 801; 17 Am. Jur., Divorce and Separation, § 862, p. 50, § 864, p. 51.

. Peacock v. Peacock, supra, note 2; Torras v. McDonald, supra, note 2; Corbridge v. Corbridge, supra, note 2; Carson v. Carson, 120 Ind.App. 1, 89 N.E.2d 555; Schrader v. Schrader, supra, note 2; Weitz v. Weitz, 1 A.D.2d 1025, 151 N.Y.S.2d 520.

. See McArthur v. McArthur, Fla.1958, 106 So.2d 73, and cases cited therein. See also, English v. English, Fla.App. 1960, 117 So.2d 559; 10 Fla.Jur., Divorce, Separation & Annulment, §§ 202, 203, 219.